IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN D. PISAR, JR., | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-06-1090-T |
| | ) |
| MICHAEL J. ASTRUE,[1] Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
|        Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Purcell recommends affirmance of a decision of the Social Security Administration denying Plaintiff's concurrent applications for disability insurance and supplemental security income benefits. Plaintiff has timely filed a written objection. Thus the Court must make a *de novo* determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's objection repeats the arguments of his opening brief and alleges Judge Purcell has supplied reasons not stated in the administrative decision contrary to *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004). The gravamen of Plaintiff's complaint is that the administrative law judge (ALJ) erred in finding no severe impairment or combination of impairments at step two of the sequential analysis and that Judge Purcell errs in accepting this finding. Upon independent review of Plaintiff's alleged points of error and the administrative record, the Court concludes Judge Purcell has properly considered and rejected all but one of Plaintiff's arguments. On this one issue, the

---

[1] Commissioner Michael J. Astrue is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d)(1).

Court finds further administrative proceedings are necessary to provide a complete analysis of Plaintiff's applications.

Plaintiff first argues the ALJ erred in failing to find Plaintiff suffers from diabetes mellitus, type I with resulting edema, neuropathy, and diabetic retinopathy. Plaintiff is mistaken. Judge Purcell correctly states the ALJ found these medically determinable impairments. *See* Report & Recom. at 4; *see also* Tr. 20 (Finding 4, listing "insulin-dependent diabetes mellitus, with diabetic retinopathy and bilateral foot neuropathy").

Plaintiff next claims the ALJ erred in failing to recognize that diabetes is a severe impairment. Contrary to Plaintiff's position that diabetes "would obviously" impair his ability to perform work (Pl.'s Objection at 2), he is required at step two to make a threshold showing of an impairment that significantly limits his ability to do basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). While describing the requisite showing as "de minimis," the court of appeals has explained that "the claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Rather, the claimant must show a determinable impairment of sufficient severity to have "more than a minimal effect on his ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

Plaintiff's medical records reflect emergency room treatment for poorly controlled diabetes mellitus and lower extremity edema on March 14, 2002, and an emergency hospitalization for diabetic ketoacidosis on March 22-25, 2002. (Tr. 117-18.) The only other treatment records are handwritten notes generated in 2005 by providers under a state-sponsored low-income medical assistance program. Doctors treated Plaintiff for diabetes, diarrhea, an illegible condition, and carbuncles. (Tr. 151-53.) The physician's notes, although difficult to read, indicate Plaintiff received laboratory tests and a follow-up visit concerning "lab values;" a fasting blood sugar of 227

and a hemoglobin A1c of 12.3 were noted.  (Tr. 151-52.)  Plaintiff also received an eye evaluation in May, 2005, that resulted in a diagnosis of severe, non-proliferative diabetic retinopathy (Tr. 143); he was treated for diabetic macular edema in September, 2005 (Tr. 140).  When questioned about the sparsity of his medical records, Plaintiff testified he could not afford a doctor.  (Tr. 180.)

The issue presented is whether substantial evidence supports the ALJ's finding that Plaintiff failed to show his medical impairments were severe enough to affect more than minimally his ability to do work activities.  Judge Purcell correctly states the ALJ found the physician who treated Plaintiff for diabetic ketoacidosis reported this condition was "resolved" and discharged Plaintiff without noting any limitations but recommending routine diabetic care.[2]  (Tr. 118.)  Similarly, Plaintiff's eye examinations and treatment resulted in corrected vision of 20/20 in both eyes.  (Tr. 140-41.)  Plaintiff does not point to any treating physician's record that indicates resulting restrictions or limitations from his poorly controlled diabetes.  Plaintiff does rely, however, on the consultative examiner's report and his own testimony on this issue.

A consultative examiner's report in May, 2004, concluded Plaintiff had "probably poorly controlled" diabetes and "[p]robable diabetic bilateral foot neuropathy."  (Tr. 133.)  Simply assigning a diagnosis, however, does not signify a severe impairment.  The ALJ accurately summarized the consultative examiner's report as noting no decreased or abnormal functioning.  Specifically, the examiner recorded Plaintiff's primary complaint to be pain in his feet (Tr. 131), but in his neurologic examination, the examiner could not "detect a specific dermatomal distribution for the sensation in [Plaintiff's] feet" (Tr. 132).  Medical consultants reviewing the record categorized

---

[2] The Court notes this hospitalization predates the alleged disability onset date as limited by the ALJ, who concluded a prior application denied on February 12, 2003, could not be reopened and barred any claim of disability before that date.

Plaintiff's condition as "nonsevere." (Tr. 137-38.) Thus Judge Purcell correctly rejects Plaintiff's contention that the consultative examiner's report by itself shows a severe impairment.

Finally, Plaintiff argues the ALJ erred by failing to discuss and evaluate his complaints of pain and burning sensations in both feet. (Tr. 175-76.) Judge Purcell omits this issue from his Report. A review of the case record reveals the Commissioner's position on this issue is that subjective complaints have no relevance at step two but are considered only at step three. *See* Def.'s Resp. Br. [Doc. 12] at 8 (the ALJ "was not required to make a step three credibility finding" because his analysis ended at step two). The cited legal authorities do not support this proposition. *See Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) ("The step two severity determination is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience"). Research reveals no case law holding that a claimant's report of symptoms, such as pain, cannot be considered in assessing the medical severity of an impairment at step two. The Commissioner has published a position on the topic, "Considering Allegations of Pain and Other Symptoms in Determining Whether a Medically Determinable Impairment Is Severe," in Social Security Ruling 96-3p, which states:

> Because a determination whether an impairment(s) is severe requires an assessment of the functionally limiting effects of an impairment(s), symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process, provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms. . . . [I]f, after completing development and considering all of the evidence, the adjudicator is unable to determine clearly the effect of an impairment(s) on the individual's ability to do basic work activities, the adjudicator must continue to follow the sequential evaluation process until a determination or decision about disability can be reached.

S.S. Rul.96-3p, 1996 WL 374181, *2 (emphasis added). This statement follows a regulation on considering symptoms in the disability determination process, 20 C.F.R. § 404.1529(d), stating: "If you are not doing substantial gainful activity, we consider your symptoms, such as pain, to evaluate

whether you have a severe physical or mental impairment(s), and at each of the remaining steps in the process." Specifically, this regulation states concerning step two: "(1) Need to establish a severe medically determinable impairment(s). Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, are considered in making a determination as to whether your impairment or combination of impairment(s) is severe." 20 C.F.R. § 404.1529(d)(1).

Here, the ALJ did not articulate his analysis of Plaintiff's alleged pain and symptom-related limitations purportedly caused by his diabetes. The ALJ's discussion of credibility considerations – such as Plaintiff's failure to seek treatment, a lack of objective clinical evidence, and inconsistent statements – suggests the ALJ rejected Plaintiff's subjective evidence on this issue as not credible. In the absence of reviewable findings on this issue, however, the Court cannot evaluate, or affirm, the ALJ's finding that Plaintiff does not have a severe impairment.

For these reasons, the Court declines to adopt Judge Purcell's Report and Recommendation [Doc. 13]. The Commissioner's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order. Specifically, on remand, the ALJ must evaluate the severity of Plaintiff's medically determinable impairments, to include any symptom-related limitations, consistent with applicable regulations and policy statements. Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of July, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE